**Case No. 20-20574**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Steven F. Hotze, M.D.; Wendell Champion; Honorable Steve Toth; Sharon Hemphill,

*Plaintiffs-Appellants*

v.

Chris Hollins, in his official capacity as Harris County clerk,

*Defendant-Appellee*

Andrea Chilton Greer; Yekaterina Snezhkova; Joy Davis-Harasemay; Diana Untermeyer; Michelle Covard; Karen Vidor; Malkia Hutchinson-Arvizu; Anton Montano; Helen Shelton; Elizabeh Furler; Alan Mauk; Jenn Rainey; Brian Singh; Mary Bacon; Kimberly Phipps-Nichol; Nyguen Griggs; Nelson Vanegas; Jessica Goodspero; Amy Ashmore; Richard Frankel; Elaine Frankel; Ryan Frankel; Celia Veselka; Sergio Aldana; Russell "Rusty" Hardin; Douglas Moll; Carey Jordan; Christina Massara; Jerelyn M. Gooden; Stanley G. Schneider; Mary Currie; Carlton Currie, Jr.; Jekaya Simmons; Daniel Coleman; David Hobbs; Bettye Hobbs,

*Intervenor Defendants-Appellees*

Appeal from the U.S. District Court for the
Southern District of Texas, Houston Division (No. 4:20-CV-3709)

**RECORD EXCERPTS**

Andrew L. Schlafly
939 Old Chester Rd.
Far Hills, New Jersey 07931
908-719-8608
908-934-9207 (fax)

Jared Woodfill
Woodfill Law Firm, P.C.
3 Riverway Suite 750
Houston, Texas 77056
713-751-3080

*Attorneys for Appellants-Plaintiffs*

# TABLE OF CONTENTS

**Doc. #**                                                                                      **Tab #**

Docket Entries (ROA.1-17) ................................................................................. Tab 1

Notice of Appeal,
    filed November 2, 2020
    (Dkt. No. 55, ROA.1438) ........................................................................ Tab 2

Order, dated November 2, 2020
    (Dkt. No. 63, ROA.1427-1435) .............................................................. Tab 3

Complaint for Emergency Injunctive Relief,
    dated October 28, 2020
    (Dkt. No. 1, ROA.18-48) ........................................................................ Tab 4

Certificate of Service

# Tab 1

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:20-cv-03709
## Internal Use Only

Hotze et al v. Hollins                                  Date Filed: 10/28/2020
Assigned to: Judge Andrew S Hanen                      Jury Demand: None
Cause: 42:1983 Civil Rights Act                        Nature of Suit: 441 Civil Rights: Voting
                                                       Jurisdiction: Federal Question

**Plaintiff**

**Steven F. Hotze, M.D.**                 represented by   **Jared Ryker Woodfill**
                                                           Woodfill Law Firm PC
                                                           3 Riverway
                                                           Suite 750
                                                           Houston, TX 77056
                                                           713-751-3080
                                                           Email: woodfillservice@gmail.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wendell Champion**                      represented by   **Jared Ryker Woodfill**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hon. Steve Toth**                       represented by   **Jared Ryker Woodfill**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sharon Hemphill**                       represented by   **Jared Ryker Woodfill**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chris Hollins**                         represented by   **Richard Warren Mithoff , Jr**
*in his official capacity as Harris County*                Mithoff Law Firm
*Clerk*                                                    500 Dallas St
                                                           Suite 3450
                                                           Houston, TX 77002
                                                           713-654-1122
                                                           Email: rmithoff@mithofflaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**S. Shawn Stephens**                    represented by    **Charles Stein Siegel**
                                                          Waters & Kraus, LLP
                                                          3141 Hood Street
                                                          Suite 700
                                                          Dallas, TX 75219
                                                          214-357-6244
                                                          Fax: 214-357-7252
                                                          Email: siegel@waterskraus.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kenneth Royce Barrett**
                                                          KBR Law
                                                          3740 Greenbriar #541873
                                                          Houston, TX 77254
                                                          281-433-0837
                                                          Email: kennethroycebarrettlaw@yahoo.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Jamie Lyn Royer**

**Defendant**

**Michele royer**                        represented by    **Charles Stein Siegel**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kenneth Royce Barrett**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Glenda Lee Greene**                    represented by    **Charles Stein Siegel**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kenneth Royce Barrett**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**jamie lyn watson**                     represented by    **Charles Stein Siegel**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kenneth Royce Barrett**
                                                          (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**Elizabeth Hernandez for Congress**          represented by   **S Nasim Ahmad**
                                                               The Ahmad Law Firm
                                                               719 Sawdust
                                                               Ste 330
                                                               The Woodlands, TX 77380
                                                               832-767-3207
                                                               Email: nahmad@ahmad-capodice.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Texas State Conference of NAACP**          represented by   **Lindsey Beth Cohan**
**Branches**                                                 Dechert LLP
                                                             300 West 6th St
                                                             Austin, TX 78701
                                                             512-394-3027
                                                             Email: lindsey.cohan@dechert.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Common Cause Texas**                        represented by   **Lindsey Beth Cohan**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Andrea Chilton Greer**                      represented by   **Lindsey Beth Cohan**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Yekaterina Snezhkova**                      represented by   **Lindsey Beth Cohan**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**League of Women Voters of Texas**           represented by   **Andre Ivan Segura**
                                                               ACLU of Texas
                                                               5225 Katy Freeway
                                                               Suite 350
                                                               Houston, TX 77007
                                                               713-942-8146
                                                               Email: asegura@aclutx.org
                                                               *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Joy Davis-Harasemay**                    represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Diana Untermeyer**                       represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Michelle Colvard**                       represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Karen Vidor**                            represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Malkia Hutchinson-Arvizu**               represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Anton Montano**                          represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Helen Anice Shelton**                    represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Elizabeth Furler**                       represented by    **Andre Ivan Segura**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**ALAN MAUK**                            represented by     **Larry Richard Veselka**
                                                           Smyser Kaplan et al
                                                           717 Texas Avenue
                                                           Ste 2800
                                                           Houston, TX 77002-2761
                                                           713-221-2325
                                                           Fax: 713-221-2320
                                                           Email: lveselka@skv.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**JENN RAINEY**                          represented by     **Larry Richard Veselka**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**BRIAN SINGH**                          represented by     **Larry Richard Veselka**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**MARY BACON**                           represented by     **Larry Richard Veselka**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**KIMBERLY PHIPPS-NICHOL**               represented by     **Larry Richard Veselka**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**NYGUEN GRIGGS**                        represented by     **Larry Richard Veselka**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**NELSON VANEGAS**                       represented by     **Larry Richard Veselka**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**JESSICA GOODSPERO**                    represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**AMY ASHMORE**                          represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**RICHARD FRANKEL**                      represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**ELAINE FRANKEL**                       represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**RYAN FRANKEL**                         represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**CELIA VESELKA**                        represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**SERGIO ALDANA**                        represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**RUSSELL "RUSTY" HARDIN**               represented by  **Larry Richard Veselka**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**DOUGLAS MOLL**                         represented by

**Larry Richard Veselka**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**CAREY JORDAN**                     represented by   **Larry Richard Veselka**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**CHRISTINA MASSARA**                represented by   **Larry Richard Veselka**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Jerelyn M Gooden**                 represented by   **Kenneth Royce Barrett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Stein Siegel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Mr. Stanley G. Schneider**         represented by   **Stanley G Schneider**
Schneider and McKinney P C
440 Louisiana St
Ste 800
Houston, TX 77002
713-951-9994
Fax: 713-224-6008
Email: stans3112@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**The Lincoln Project**              represented by   **Jacob M. Monty**
Monty Ramirez LLP
150 W Parker Rd
Third Floor
Houston, TX 77076
281-493-5529
Fax: 281-493-5983
Email: jmonty@montyramirezlaw.com
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Benjamin L. Ginsberg**                          represented by    **Mark Ryan Trachtenberg**
                                                                    Haynes and Boone, LLP
                                                                    1221 McKinney Street
                                                                    Suite 4000
                                                                    Houston, TX 77010-2007
                                                                    713-547-2000
                                                                    Fax: 713-547-2600
                                                                    Email: mark.trachtenberg@haynesboone.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Joseph R. Straus, III**                         represented by    **Mark Ryan Trachtenberg**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Election Law Professors**                       represented by    **Sarah Michelle Cummings**
                                                                    Reed Smith, LLP
                                                                    2850 N. Harwood Street, Suite 1500
                                                                    Dallas, TX 75201
                                                                    469-680-4228
                                                                    Fax: 469-680-4299
                                                                    Email: scummings@reedsmith.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**12 Cities and Counties**                        represented by    **Jessica Nicole Witte**
                                                                    Thompson & Horton LLP
                                                                    8300 N. MoPac Expressway Suite 220
                                                                    Austin, TX 78759
                                                                    512-615-2352
                                                                    Fax: 512-597-1681
                                                                    Email: jwitte@thompsonhorton.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Texas Coalition of Black Democrats**            represented by    **Carvana Yvonne Cloud**
                                                                    The Cloud Law Firm
                                                                    8226 Antoine Drive
                                                                    Houston, TX 77088
                                                                    281-406-3417
                                                                    Email: carvana1908@gmail.com
                                                                    *ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Libertarian Party of Texas**                    represented by  **Jared G. LeBlanc**
Gordon Arata Montgomery Barnett
Suite 1100
2229 San Felipe
Suite 1100
Houston, TX 77019
United Sta
7133335500
Email: jleblanc@gamb.com
*ATTORNEY TO BE NOTICED*


V.

**Intervenor**

**MJ for Texas**                    represented by  **Daniel Osher**
Perkins Coie LLP
700 13th St NW
Suite 800
Washington, DC 20005
202-654-6200
Email: dosher@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Marc Elias**
Perkins Coie LLP
700 13th St NW
Suite 800
Washington, DC 20005
202-654-6200
Email: melias@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Skyler Michelle Howton**
Perkins Coie LLP
500 N. Akard Street
Suite 3300
Dallas, TX 75201
214-259-4951
Fax: 214-965-7752
Email: showton@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**DSCC**                    represented by  **Daniel Osher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Elias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Skyler Michelle Howton**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**DCCC**                                    represented by   **Daniel Osher**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Marc Elias**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Skyler Michelle Howton**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor**

**Mary Currie**                             represented by   **Daniel Osher**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Marc Elias**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Skyler Michelle Howton**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor**

**Carlton Currie, Jr.**                     represented by   **Daniel Osher**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Marc Elias**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Skyler Michelle Howton**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Intervenor**

**Jekaya Simmons**                          represented by   **Daniel Osher**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Marc Elias**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Skyler Michelle Howton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Daniel Coleman**                    represented by    **Daniel Osher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Elias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Skyler Michelle Howton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**David L. Hobbs**                    represented by    **David L. Hobbs**
Fleming Nolen and Jez LLP
2800 Post Oak Blvd
Ste 4000
Houston, TX 77056
713-621-7944
Email: david_hobbs@fleming-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Bettye Hobbs**                    represented by    **David L. Hobbs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2020 | 1 (p.18) | COMPLAINT against All Defendants (Filing fee $ 400 receipt number 0541-25428296) filed by Steven F. Hotze, MD. (Attachments: # 1 (p.18) Exhibit Ex A, # 2 (p.61) Exhibit Ex B, # 3 (p.63) Exhibit Ex C, # 4 (p.67) Exhibit Ex D, # 5 (p.93) Exhibit Ex E, # 6 (p.125) Civil Cover Sheet)(Woodfill, Jared) (Entered: 10/28/2020) |
| 10/29/2020 | 2 (p.61) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 4/14/2021 at 10:00 AM in Courtroom 704 before Magistrate Judge Frances H Stacy. (Signed by Judge Andrew S Hanen) Parties notified.(DawnWaggoneradi, 4) (Entered: 10/29/2020) |
| 10/30/2020 | 3 (p.63) | MOTION for Preliminary Injunction by Steven F. Hotze, MD, filed. Motion Docket Date 11/20/2020. (Attachments: # 1 (p.18) Proposed Order)(Woodfill, Jared) (Entered: 10/30/2020) |
| 10/30/2020 | 4 (p.67) | |

| | | |
|---|---|---|
| | | BRIEF Support *of Petitioners' Moton for a Preliminary Injunction* re: 3 (p.63) MOTION for Preliminary Injunction by Steven F. Hotze, MD, filed. (Attachments: # 1 (p.18) Exhibit, # 2 (p.61) Exhibit, # 3 (p.63) Exhibit, # 4 (p.67) Exhibit)(Woodfill, Jared) (Entered: 10/30/2020) |
| 10/30/2020 | 5 (p.93) | MOTION to Intervene by MJ for Texas, DSCC, DCCC, Mary Currie, Carlton Currie, Jr., Jekaya Simmons, Daniel Coleman, filed. Motion Docket Date 11/20/2020. (Attachments: # 1 (p.18) Exhibit Proposed Answer)(Howton, Skyler) (Entered: 10/30/2020) |
| 10/30/2020 | 6 (p.125) | NOTICE of Setting as to 5 (p.93) MOTION to Intervene, 1 (p.18) Complaint, 3 (p.63) MOTION for Preliminary Injunction. Parties notified. Motion Hearing set for 11/2/2020 at 10:30 AM in Courtroom 9C before Judge Andrew S Hanen, filed. (rhawkins) (Entered: 10/30/2020) |
| 10/30/2020 | | (Court only) Document(s) Sent re: 6 (p.125) Notice of Setting to County Attorney's office by email, filed. (rhawkins) (Entered: 10/30/2020) |
| 10/31/2020 | 7 (p.126) | MOTION for Daniel Osher to Appear Pro Hac Vice by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Osher, Daniel) (Entered: 10/31/2020) |
| 10/31/2020 | 8 (p.128) | MOTION for Marc Elias to Appear Pro Hac Vice by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Elias, Marc) (Entered: 10/31/2020) |
| 10/31/2020 | 9 (p.130) | MOTION for Christina Ford to Appear Pro Hac Vice by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Howton, Skyler) (Entered: 10/31/2020) |
| 10/31/2020 | 10 (p.132) | MOTION for John Devaney to Appear Pro Hac Vice by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Howton, Skyler) (Entered: 10/31/2020) |
| 10/31/2020 | 11 (p.134) | MOTION for Matthew Mertens to Appear Pro Hac Vice by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Howton, Skyler) (Entered: 10/31/2020) |
| 10/31/2020 | 12 (p.136) | MOTION for Approval of to Appear Remotely by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Howton, Skyler) (Entered: 10/31/2020) |
| 10/31/2020 | 13 (p.140) | MOTION for Leave to File Opposition to Plaintiffs' Motion for a Preliminary Injunction by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit - Proposed Opposition, # 2 (p.61) Exhibit Declaration of John Devaney, # 3 (p.63) Exhibit 1 to Declaration of John Devaney, # 4 (p.67) Exhibit 2 to Declaration of John Devaney, # 5 (p.93) Exhibit 3 to Declaration of John Devaney, # 6 (p.125) Exhibit 4 to Declaration of John Devaney, # 7 (p.126) Exhibit 5 to Declaration of John Devaney, # 8 (p.128) Exhibit 6 to Declaration of John Devaney, # 9 (p.130) Exhibit 7 to Declaration of John Devaney, # 10 (p.132) Exhibit 8 to Declaration of John Devaney, # 11 (p.134) Exhibit 9 to Declaration of John Devaney)(Howton, Skyler) (Entered: 10/31/2020) |
| 11/01/2020 | 14 (p.417) | NOTICE *of Filing of Proposed Orders* by Daniel Coleman, Mary Currie, Carlton Currie, Jr., DCCC, DSCC, MJ for Texas, Jekaya Simmons, filed. (Attachments: # 1 |

| | | |
|---|---|---|
| | | (p.18) Proposed Order Motion to Appear Remotely, # <u>2 (p.61)</u> Proposed Order Motion to Intervene, # <u>3 (p.63)</u> Proposed Order Motion to File Opposition)(Howton, Skyler) (Entered: 11/01/2020) |
| 11/01/2020 | <u>15</u> <u>(p.423)</u> | NOTICE *of Related Decision* by Chris Hollins, filed. (Attachments: # <u>1 (p.18)</u> Exhibit A, # <u>2 (p.61)</u> Exhibit B, # <u>3 (p.63)</u> Exhibit C)(Mithoff, Richard) (Entered: 11/01/2020) |
| 11/01/2020 | <u>16</u> <u>(p.551)</u> | MOTION to Intervene by Texas State Conference of NAACP Branches, Common Cause Texas, Andrea Chilton Greer, Yekaterina Snezhkova, filed. Motion Docket Date 11/23/2020. (Attachments: # <u>1 (p.18)</u> Exhibit A - Bledsoe Decl., # <u>2 (p.61)</u> Exhibit B - Gutierrez Decl., # <u>3 (p.63)</u> Exhibit C - Greer Decl., # <u>4 (p.67)</u> Exhibit D - Snezhkova Decl., # <u>5 (p.93)</u> Exhibit Proposed Answer, # <u>6 (p.125)</u> Proposed Order)(Cohan, Lindsey) (Entered: 11/01/2020) |
| 11/01/2020 | <u>17</u> <u>(p.591)</u> | MOTION for Jon Greenbaum to Appear Pro Hac Vice by Andrea Chilton Greer, Common Cause Texas, Yekaterina Snezhkova, Texas State Conference of NAACP Branches, filed. Motion Docket Date 11/23/2020. (Cohan, Lindsey) (Entered: 11/01/2020) |
| 11/01/2020 | <u>18</u> <u>(p.592)</u> | MOTION for Ezra Rosenberg to Appear Pro Hac Vice by Andrea Chilton Greer, Common Cause Texas, Yekaterina Snezhkova, Texas State Conference of NAACP Branches, filed. Motion Docket Date 11/23/2020. (Cohan, Lindsey) (Entered: 11/01/2020) |
| 11/01/2020 | <u>19</u> <u>(p.593)</u> | MOTION for Neil Steiner to Appear Pro Hac Vice by Andrea Chilton Greer, Common Cause Texas, Yekaterina Snezhkova, Texas State Conference of NAACP Branches, filed. Motion Docket Date 11/23/2020. (Cohan, Lindsey) (Entered: 11/01/2020) |
| 11/01/2020 | <u>20</u> <u>(p.594)</u> | MOTION for John Powers to Appear Pro Hac Vice by Andrea Chilton Greer, Common Cause Texas, Yekaterina Snezhkova, Texas State Conference of NAACP Branches, filed. Motion Docket Date 11/23/2020. (Cohan, Lindsey) (Entered: 11/01/2020) |
| 11/01/2020 | <u>21</u> <u>(p.595)</u> | MOTION for Mario Nicolais to Appear Pro Hac Vice by The Lincoln Project, filed. Motion Docket Date 11/23/2020. (Monty, Jacob) (Entered: 11/01/2020) |
| 11/01/2020 | <u>22</u> <u>(p.596)</u> | RESPONSE in Opposition to <u>3 (p.63)</u> MOTION for Preliminary Injunction, filed by Chris Hollins. (Attachments: # <u>1 (p.18)</u> Exhibit 1, # <u>2 (p.61)</u> Exhibit 2, # <u>3 (p.63)</u> Exhibit 3, # <u>4 (p.67)</u> Exhibit 4, # <u>5 (p.93)</u> Exhibit 5, # <u>6 (p.125)</u> Exhibit 6, # <u>7 (p.126)</u> Exhibit 7, # <u>8 (p.128)</u> Exhibit 8, # <u>9 (p.130)</u> Exhibit 9, # <u>10 (p.132)</u> Exhibit 10, # <u>11 (p.134)</u> Exhibit 11, # <u>12 (p.136)</u> Exhibit 12, # <u>13 (p.140)</u> Exhibit 13, # <u>14 (p.417)</u> Exhibit 14, # <u>15 (p.423)</u> Exhibit 15, # <u>16 (p.551)</u> Exhibit 16, # <u>17 (p.591)</u> Exhibit 17)(Mithoff, Richard) (Entered: 11/01/2020) |
| 11/01/2020 | <u>23</u> <u>(p.912)</u> | MOTION for Leave to File to Exceed Page Limit by Chris Hollins, filed. Motion Docket Date 11/23/2020. (Attachments: # <u>1 (p.18)</u> Proposed Order)(Mithoff, Richard) (Entered: 11/01/2020) |
| 11/01/2020 | <u>24</u> <u>(p.916)</u> | MOTION for Leave to File Amicus Brief by The Lincoln Project, filed. Motion Docket Date 11/23/2020. (Attachments: # <u>1 (p.18)</u> Exhibit, # <u>2 (p.61)</u> Proposed Order)(Monty, Jacob) (Entered: 11/01/2020) |
| 11/01/2020 | <u>25</u> <u>(p.933)</u> | MOTION for Leave to File Brief by Amici Curiae by Benjamin L. Ginsberg, Joseph R. Straus, III, filed. Motion Docket Date 11/23/2020. (Attachments: # <u>1 (p.18)</u> |

| | | |
|---|---|---|
| | | Exhibit A, # 2 (p.61) Exhibit B)(Trachtenberg, Mark) (Entered: 11/01/2020) |
| 11/01/2020 | 26 (p.951) | MOTION to Intervene by League of Women Voters of Texas, Joy Davis-Harasemay, Diana Untermeyer, Michelle Colvard, Karen Vidor, Malkia Hutchinson-Arvizu, Anton Montano, Helen Anice Shelton, Elizabeth Furler, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit Declaration of Grace Chimene, # 2 (p.61) Exhibit Declaration of Joy Davis-Harasemay, # 3 (p.63) Exhibit Declaration of Diana Untermeyer, # 4 (p.67) Exhibit Declaration of Michelle Colvard, # 5 (p.93) Exhibit Declaration of Karen Vidor, # 6 (p.125) Exhibit Declaration of Malkia Hutchinson-Arvizu, # 7 (p.126) Exhibit Declaration of Anton Montano, # 8 (p.128) Exhibit Declaration of Helen Shelton, # 9 (p.130) Exhibit Declaration of Elizabeth Furler, # 10 (p.132) Exhibit Proposed Answer to Complaint, # 11 (p.134) Exhibit Proposed Opposition to Preliminary Injunction, # 12 (p.136) Proposed Order)(Segura, Andre) (Entered: 11/01/2020) |
| 11/01/2020 | 27 (p.1041) | Amended BRIEF Support re: 3 (p.63) MOTION for Preliminary Injunction by Steven F. Hotze, MD, filed. (Attachments: # 1 (p.18) Exhibit, # 2 (p.61) Exhibit, # 3 (p.63) Exhibit, # 4 (p.67) Exhibit, # 5 (p.93) Exhibit, # 6 (p.125) Exhibit)(Woodfill, Jared) (Entered: 11/01/2020) |
| 11/02/2020 | 28 (p.1080) | MOTION to Intervene by ALAN MAUK, JENN RAINEY, BRIAN SINGH, MARY BACON, KIMBERLY PHIPPS-NICHOL, NYGUEN GRIGGS, NELSON VANEGAS, JESSICA GOODSPERO, AMY ASHMORE, RICHARD FRANKEL, ELAINE FRANKEL, RYAN FRANKEL, CELIA VESELKA, SERGIO ALDANA, RUSSELL "RUSTY" HARDIN, DOUGLAS MOLL, CAREY JORDAN, CHRISTINA MASSARA, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.61) Proposed Order)(Veselka, Larry) (Entered: 11/02/2020) |
| 11/02/2020 | 29 (p.1101) | MOTION for Leave to File A WRITTEN OPPOSITION TO PLAINTIFFS MOTION FOR A PRELIMINARY INJUNCTION AND (2) REQUEST TO PARTICIPATE IN NOVEMBER 2, 2020 HEARING by SERGIO ALDANA, AMY ASHMORE, MARY BACON, ELAINE FRANKEL, RICHARD FRANKEL, RYAN FRANKEL, JESSICA GOODSPERO, NYGUEN GRIGGS, RUSSELL "RUSTY" HARDIN, CAREY JORDAN, CHRISTINA MASSARA, ALAN MAUK, DOUGLAS MOLL, KIMBERLY PHIPPS-NICHOL, JENN RAINEY, BRIAN SINGH, NELSON VANEGAS, CELIA VESELKA, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit A)(Veselka, Larry) (Entered: 11/02/2020) |
| 11/02/2020 | 30 (p.1121) | MOTION Leave to File Amicus Brief by Election Law Professors, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit Amicus Brief, # 2 (p.61) Proposed Order Proposed Order)(Cummings, Sarah) (Entered: 11/02/2020) |
| 11/02/2020 | 31 (p.1142) | MOTION for Leave to File Amici Curiae Brief by 12 Cities and Counties, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Proposed Amicus Brief, # 2 (p.61) Proposed Order)(Witte, Jessica) (Entered: 11/02/2020) |
| 11/02/2020 | 32 (p.1176) | RESPONSE in Opposition to 3 (p.63) MOTION for Preliminary Injunction, filed by Andrea Chilton Greer, Common Cause Texas, Yekaterina Snezhkova, Texas State Conference of NAACP Branches. (Cohan, Lindsey) (Entered: 11/02/2020) |
| 11/02/2020 | 33 (p.1190) | First MOTION for Leave to File to file Amicus Curiae Brief by Texas Coalition of Black Democrats, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit 1, # 2 (p.61) Exhibit 2)(Cloud, Carvana) (Entered: 11/02/2020) |
| 11/02/2020 | | |

| | 34 (p.1216) | ORDER granting 25 (p.933) Motion by Benjamin L. Ginsberg and Joseph R. Straus III for Leave to File Amici Curiae Brief..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/02/2020) |
|---|---|---|
| 11/02/2020 | 35 (p.1217) | ORDER granting 24 (p.916) Motion of the Lincoln Project for Leave to File Amicus Brief in Support of Defendant..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | 36 (p.1218) | MOTION to Intervene by Jerelyn M Gooden, S. Shawn Stephens, Jamie Lyn Royer, Michele royer, Glenda Lee Greene, jamie lyn watson, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit Declaration of Jerelyn Gooden, # 2 (p.61) Exhibit Photo of Gooden leaving polling place, # 3 (p.63) Exhibit Declaration of S. Shawn Stephens, # 4 (p.67) Exhibit DECLARATION OF Glenda Lee Greene, # 5 (p.93) Exhibit Declaration of Michele Royer, # 6 (p.125) Exhibit Declaration of Jamie Lyn Watson)(Barrett, Kenneth) (Entered: 11/02/2020) |
| 11/02/2020 | 37 (p.1246) | ORDER granting 33 (p.1190) Motion for Leave to File Amicus Curiae Brief on Behalf of the Texas Coalition of Black Democrats..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | 38 (p.1247) | The Lincoln Project Amicus Brief In Support of Defendant by The Lincoln Project, filed.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | 39 (p.1257) | Amended BRIEF in Support *of Petitioners' Moton for a Preliminary Injunction* re: 3 (p.63) MOTION for Preliminary Injunction by Steven F. Hotze, MD, filed. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.61) Exhibit B, # 3 (p.63) Exhibit C, # 4 (p.67) Exhibit D, # 5 (p.93) Exhibit E, # 6 (p.125) Exhibit F, # 7 (p.126) Exhibit G)(Woodfill, Jared) (Entered: 11/02/2020) |
| 11/02/2020 | 40 (p.1298) | MOTION to Intervene by David L. Hobbs, Bettye Hobbs, filed. Motion Docket Date 11/23/2020. (Hobbs, David) (Entered: 11/02/2020) |
| 11/02/2020 | 41 (p.1306) | BRIEF by Amici Curiae Benjamin L. Ginsberg, Joseph R. Straus, III, In Opposition to Plaintiffs' Motion for Emergency Injunctive Relief., filed.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | 42 (p.1317) | BRIEF in Support *of the Defendant* by Texas Coalition of Black Democrats, filed.(Cloud, Carvana) (Entered: 11/02/2020) |
| 11/02/2020 | 43 (p.1338) | BRIEF for Amicus Curiae on Behalf of the Texas Coalition of Black Democrats in Support of Defendant by Texas Coalition of Black Democrats, filed.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | 44 (p.1359) | Amended EMERGENCY MOTION by Jerelyn M Gooden, Glenda Lee Greene, S. Shawn Stephens, Michele royer, jamie lyn watson, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.61) Exhibit B, # 3 (p.63) Exhibit C, # 4 (p.67) Exhibit D, # 5 (p.93) Exhibit E)(Siegel, Charles) (Entered: 11/02/2020) |
| 11/02/2020 | 45 (p.1387) | MOTION to Intervene by Elizabeth Hernandez for Congress, filed. Motion Docket Date 11/23/2020. (Ahmad, S) (Entered: 11/02/2020) |
| 11/02/2020 | 46 (p.1396) | MOTION for Jonathan Miller to Appear Pro Hac Vice by 12 Cities and Counties, filed. Motion Docket Date 11/23/2020. (Witte, Jessica) (Entered: 11/02/2020) |
| 11/02/2020 | 47 (p.1397) | MOTION for Victoria Stilwell to Appear Pro Hac Vice by 12 Cities and Counties, filed. Motion Docket Date 11/23/2020. (Witte, Jessica) (Entered: 11/02/2020) |

| | | |
|---|---|---|
| 11/02/2020 | 48 (p.1398) | MOTION for Lauren Miller to Appear Pro Hac Vice by 12 Cities and Counties, filed. Motion Docket Date 11/23/2020. (Witte, Jessica) (Entered: 11/02/2020) |
| 11/02/2020 | 49 (p.1399) | MOTION for Jessica Scheller to Appear Pro Hac Vice by 12 Cities and Counties, filed. Motion Docket Date 11/23/2020. (Witte, Jessica) (Entered: 11/02/2020) |
| 11/02/2020 | 50 (p.1400) | MOTION for Leave to File Brief on Behalf of Amicus Curiae the Libertarian Party of Texas in Support of Defendant by Libertarian Party of Texas, filed. Motion Docket Date 11/23/2020. (Attachments: # 1 (p.18) Exhibit A: Brief of LPTexas in Support of Defendant, # 2 (p.61) Proposed Order)(LeBlanc, Jared) (Entered: 11/02/2020) |
| 11/02/2020 | 51 (p.1408) | MOTION to Intervene by Stanley G. Schneider, filed. Motion Docket Date 11/23/2020. (Schneider, Stanley) (Entered: 11/02/2020) |
| 11/02/2020 | 52 (p.1411) | ORDER granting 50 (p.1400) Motion for Leave to File Brief oh Behalf of Amicus Curiae the Libertarian Party of Texas in Support of Defendant..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | 53 (p.1412) | BRIEF On Behalf of Amicus Curiae the Libertarian party of Texas in Support of Defendant by Libertarian Party of Texas, filed.(jdav, 4) (Entered: 11/02/2020) |
| 11/02/2020 | | Minute Entry for proceedings held before Judge Andrew S Hanen. INJUNCTION HEARING held on 11/2/2020. The Court heard the parties arguments and made rulings on the record. Order to follow. Appearances: Larry Richard Veselka, David Isaak, Jared Ryker Woodfill, Skyler Michelle Howton, Christa Ford, Andre Ivan Segura, Kenneth Royce Barrett, David L. Hobbs, Ryan Nolan, Richard Warren Mithoff, Jr., Joe Alexander, Sherie Beckman, Janie Jordan(Court Reporter: K. Miller), filed.(rhawkins) (Entered: 11/02/2020) |
| 11/02/2020 | 54 (p.1416) | DKT13 TRANSCRIPT ORDER REQUEST by Hotze. This is to order a transcript of 11/2/20 - Hanen. Court Reporter/Transcriber: Kathleen Miller. This order form relates to the following: Injunction Hearing,, filed. (Woodfill, Jared) (Entered: 11/02/2020) |
| 11/02/2020 | 55 (p.1418) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit by Steven F. Hotze, MD (Filing fee $ 505, receipt number 0541-25449490), filed. (Woodfill, Jared) Modified on 11/3/2020 (JenniferLongoria, 1). (Entered: 11/02/2020) |
| 11/02/2020 | 56 (p.1419) | AO 435 TRANSCRIPT REQUEST by Andre Segura for Transcript of Injunction Hearing on 11/2/2020 before Judge Hanen. Hourly turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Segura, Andre) (Entered: 11/02/2020) |
| 11/02/2020 | 57 (p.1503) | Exhibit List by Chris Hollins (Attachments: # 1 (p.18) Exhibit 1, # 2 (p.61) Exhibit 2, # 3 (p.63) Exhibit 3, # 4 (p.67) Exhibit 4). The original photos are maintained in the Clerk's office.(rhawkins) (Entered: 11/02/2020) |
| 11/02/2020 | 58 (p.1421) | AO 435 TRANSCRIPT REQUEST by Hollins (Mithoff) for Transcript of Motion Hearing on 11/2/20 before Judge Hanen. Hourly turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Mithoff, Richard) (Entered: 11/02/2020) |
| 11/02/2020 | 59 (p.1423) | ORDER. The Court grants motions to intervene 28 (p.1080) 40 (p.1298) 44 (p.1359) and 51 (p.1408) . The Court grants in part and defers in part motions to intervene 5 (p.93) 16 (p.551) and 26 (p.951) . (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 11/02/2020) |

| 11/02/2020 | | (Court only) ***Motion(s) terminated: 28 (p.1080) MOTION to Intervene, 5 (p.93) MOTION to Intervene, 26 (p.951) MOTION to Intervene, 40 (p.1298) MOTION to Intervene, 16 (p.551) MOTION to Intervene, 51 (p.1408) MOTION to Intervene, 44 (p.1359) Amended EMERGENCY MOTION, 45 (p.1387) MOTION to Intervene. Order entered at docket entry 59 (p.1423) . (rhawkins) (Entered: 11/02/2020) |
| --- | --- | --- |
| 11/02/2020 | 60 (p.1425) | First MOTION to Modify Order Granting motions to Intervene as to 59 (p.1423) Order by Jerelyn M Gooden, filed. Motion Docket Date 11/23/2020. (Barrett, Kenneth) (Entered: 11/02/2020) |
| 11/02/2020 | 61 (p.1439) | APPEAL TRANSCRIPT re Ruling of the Court held on November 2, 2020 before Judge Andrew S Hanen. Court Reporter/Transcriber Kathleen Miller. Ordering Party: Jared R. Woodfill. This transcript relates to the following: 54 (p.1416) Appeal Transcript Request. Release of Transcript Restriction set for 2/1/2021., filed. (kmiller, ) (Entered: 11/02/2020) |
| 11/02/2020 | 62 (p.1451) | APPEAL TRANSCRIPT re Injunction Hearing held on November 2, 2020 before Judge Andrew S Hanen. Court Reporter/Transcriber Kathleen Miller. Ordering Party: Andre Segura. This transcript relates to the following: 56 (p.1419) AO435 Transcript Request. Release of Transcript Restriction set for 2/1/2021., filed. (kmiller, ) (Entered: 11/02/2020) |
| 11/02/2020 | 63 (p.1427) | ORDER denying 3 (p.63) MOTION for Preliminary Injunction. This case is closed.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 11/02/2020) |
| 11/02/2020 | 64 (p.1436) | Order of USCA re: 55 (p.1418) Notice of Appeal ; USCA No. 20-20574. ORDERED that appellants motion for injunctive relief to issue a preliminary injunction banning drive-thru voting on Election Day, November 3, 2020, is DENIED, filed.(sanderson, 4) (Entered: 11/02/2020) |
| 11/03/2020 | 65 (p.1437) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 55 (p.1418) Notice of Appeal. Fee status: Paid, filed. (Attachments: # 1 (p.18) Notice of Appeal) (JenniferLongoria, 1) (Entered: 11/03/2020) |
| 11/03/2020 | | Appeal Review Notes re: 55 (p.1418) Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case - transcripts were produced., filed.(JenniferLongoria, 1) (Entered: 11/03/2020) |
| 11/03/2020 | | Notice of Assignment of USCA No. 20-20574 re: 55 (p.1418) Notice of Appeal, filed.(JenniferLongoria, 1) (Entered: 11/03/2020) |

# Tab 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) ) | No. 4:20-cv-03709-ASH |
| CHRIS HOLLINS, in his official capacity as Harris County Clerk, | ) ) ) | |
| Defendant. | ) ) ) | |

**NOTICE OF APPEAL**

Plaintiffs Steven Hotze, M.D., Wendell Champion, Hon. Steve Toth, and Sharon Hemphill hereby appeals, pursuant to 28 U.S.C. § 1292(a)(1), to the United States Court of Appeals for the Fifth Circuit, from the oral Order on November 2, 2020, by the United States District Court, Southern District of Texas, Houston Division, which denied Plaintiffs' motion for a preliminary injunction and also dismissed this case.

Dated: November 2, 2020

Respectfully submitted,

_/s/ Jared R. Woodfill_
JARED R. WOODFILL
State Bar No. 00788715
Woodfill Law Firm, P.C.
3 Riverway, Suite 750
Houston, Texas 77056
P:(713) 751-3080
Fax: (713) 751-3058
woodfillservice@gmail.com
*Counsel for Plaintiffs*

# Tab 3

United States District Court
Southern District of Texas

**ENTERED**

November 02, 2020

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, and SHARON HEMPHILL, | §<br>§<br>§<br>§ | |
| *Plaintiffs*, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 4:20-CV-03079 |
| CHRIS HOLLINS, *in his official capacity as Harris County Clerk*, | §<br>§<br>§ | |
| *Defendant*. | §<br>§ | |

## <u>ORDER</u>

The Court has before it the Motion for Preliminary Injunction (Doc. No. 3) filed by Plaintiffs Steven Hotze, M.D., Wendell Champion, Hon. Steve Toth, and Sharon Hemphill (collectively, "Plaintiffs"), the Response in Opposition (Doc. No. 22) filed by Defendant Chris Hollins in his official capacity as Harris County Clerk (hereinafter, "Defendant"), and various Motions to Intervene filed on behalf of forty-eight individuals and/or entities. The Court also has before it *amicus curiae* briefs filed by the Texas Coalition of Black Democrats, The Lincoln Project, the Libertarian Party of Texas, Joseph R. Straus, III, and election law professor, Benjamin L. Ginsberg.

### I.

Due to the time constraints given the issue involved, this Court cannot issue the formal opinion that this matter deserves. Consequently, given those confines, this Order must suffice. The Court first notes that it appreciates the participation of all counsel involved and the attention each gave to this important topic on such short notice.

This Court's overall ruling is that the Plaintiffs do not have standing (as explained below).

While this ruling is supported by general Equal Protection and Election Clause cases, it is somewhat without precedent with regard to the Plaintiffs (or Intervenors) who are actual candidates for elected office. Therefore, the Court, in anticipation of an appeal or petition for writ of mandamus and knowing that the appellate court could draw a distinction in that regard and hold that standing exists, has gone further to indicate what its ruling would have been in that case.

## II.

The Court finds that Plaintiffs lack standing to sue. Federal courts must determine whether they have jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94–95 (1998). Article III of the Constitution limits federal jurisdiction to "Cases" and "Controversies." One component of the case or controversy requirement is standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The Supreme Court has repeatedly held that an individual plaintiff raising only a generalized grievance about government does not meet the Article III requirement of a case or controversy. *Id.* at 573–74. This Court finds that the Plaintiffs here allege only a "generalized grievance about the conduct of government." *Lance v. Coffman*, 549 U.S. 437, 442 (2007).

The Plaintiffs' lack of a particularized grievance is fatal to their claim under the Equal Protection Clause. "The rule against generalized grievances applies with as much force in the equal protection context as in any other." *U.S. v. Hays*, 515 U.S. 737, 743 (1995). Plaintiffs' general claim that Harris County's election is being administered differently than Texas's other counties does not rise to the level of the sort of particularized injury that the Supreme Court has required for constitutional standing in elections cases. *See id.*; *Gill v. Whitford*, 138 S. Ct. 1916, 1933 (2018) (no standing in equal protection case when alleged injury involved "group political interests" and not "individual legal rights").

Further, it is unclear that individual plaintiffs have standing to assert claims under the

20-20574.1428

Elections Clause at all. The Supreme Court has held that individual plaintiffs, like those here, whose only asserted injury was that the Elections Clause had not been followed, did not have standing to assert such a claim. *See Lance*, 549 U.S. at 442. Conversely, the Court has held that the Arizona Legislature did have standing to allege a violation of the Elections Clause as it was "an institutional plaintiff asserting an institutional injury." *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 802 (2015). In addition, the Supreme Court has also held plaintiffs had such standing when they were state senators whose "votes had been completely nullified" by executive action. *Id.* at 803 (citing *Raines v. Byrd*, 521 U.S. 811, 822–23 (1997)). These cases appear to stand for the proposition that only the state legislature (or a majority of the members thereof) have standing to assert a violation of the Elections Clause.

The Court finds that the Plaintiffs here are akin to those in *Lance v. Coffman*, in which the Supreme Court held that private citizens, whose primary alleged injury was that the Elections Clause was not followed, lacked standing to bring a claim under the Elections Clause. 549 U.S. at 442. To summarize the Plaintiffs' primary argument, the alleged irreparable harm caused to Plaintiffs is that the Texas Election Code has been violated and that violation compromises the integrity of the voting process. This type of harm is a quintessential generalized grievance: the harm is to every citizen's interest in proper application of the law. *Lujan*, 504 U.S. at 573–74; *Fairchild v. Hughes*, 258 U.S. 126, 129 (1922) (holding that the right, possessed by every citizen, to require that the Government be administered according to the law does not entitle a private citizen to institute a lawsuit in federal court). Every citizen, including the Plaintiff who is a candidate for federal office, has an interest in proper execution of voting procedure. Plaintiffs have not argued that they have any specialized grievance beyond an interest in the integrity of the election process, which is "common to all members of the public." *United States v. Richardson*,

418 U.S. 166, 176–77. [1]

## III.

If the Court had plaintiffs with standing, it would have denied in part and granted in part the motion for preliminary injunction.[2] A preliminary injunction is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant, however, "need not prove his case." *Lakedreams v. Taylor*, 932 F.2d 1103, 1109 (5th Cir. 1991) (citing *H & W Indus. v. Formosa Plastics Corp.*, 860 F.2d 172, 179 (5th Cir. 1988)). Before a court will grant a preliminary injunction, the movants must clearly show "(1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) that their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (quoting *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see also Winter v. NRDC*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1] This Court finds the answer to this question to be particularly thorny, given that some of the Plaintiffs are actual candidates who have put in time, effort, and money into campaigning, to say nothing of the blood, sweat, and tears that a modern campaign for public office entails. This Court would readily understand if some appellate court finds that these Plaintiffs have standing despite the fact they cannot individualize their damage beyond their rightful feeling that an election should be conducted lawfully. Neither this Court's research nor the briefing of the parties have brought forth any precedent to support this concept under either of the two pleaded causes of action based upon claimed violations of Equal Protection or the "Elections Clause." Given the timing of this case and the impact that such a ruling might have, this Court finds it prudent to follow the existing precedent.

[2] The Defendant and Intervenors suggested both in oral argument and in their written presentations that the Court should abstain under either *Pullman, Colorado River,* or *Rooker-Feldman* doctrine. Since standing is jurisdictional and since this Court is dismissing this action, it need not analyze these arguments. *See Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643 (1941); *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

20-20574.1430

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

This Court finds that there is a difference between the voting periods presented to it. The merits need to be analyzed separately by early voting and election day voting. With respect to the likelihood of success, the Court would find that the Plaintiffs do not prevail on the element of likelihood of success with respect to early voting. First, § 85.062 of the Texas Election Code provides for "temporary branch polling places" during early voting. Tex. Elec. Code. § 85.062. The statute authorizes county election officials to use "movable structure[s]" as polling places. *Id.* § 85.062(b). The Code does not define "structure," but Black's Law Dictionary defines the term as: "Any construction, production, or piece of work artificially built up or composed of parts purposefully joined together." Black's Law Dictionary (11th ed. 2019). The Court finds, after reviewing the record, the briefing, and considering the arguments of counsel, that the tents used for drive-thru voting qualify as "movable structures" for purposes of the Election Code. The Court is unpersuaded by Plaintiffs' argument that the voters' vehicles, and not the tents, are the polling places under the drive-thru voting scheme. Consequently, the Court finds that drive-thru voting was permissible during early voting. Moreover, the Plaintiffs failed to demonstrate under the Texas Election Code that an otherwise legal vote, cast pursuant to the instructions of local voting officials, becomes uncountable if cast in a voting place that is subsequently found to be non-compliant.

Additionally, the promptness with which one brings an injunction action colors both the elements of likelihood of success on the merits and irreparable harm. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 685 (2014) ("In extraordinary circumstances, however, the consequences of a delay in commencing suit may be of sufficient magnitude to warrant, at the very

20-20574.1431

outset of the litigation, curtailment of the relief equitably awardable."); *Environmental Defense Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (1980) ("equitable remedies are not available if granting the remedy would be inequitable to the defendant because of the plaintiff's long delay."). Here, the Court finds that the Plaintiffs did not act with alacrity. There has been an increasing amount of conversation and action around the subject of implementing drive-thru voting since earlier this summer. The Defendant has argued, and no one has refuted, that discussions were held with leaders of both major political parties, and, using that input, a drive-thru voting plan was developed. The Harris County Commissioners Court approved a budget for drive-thru voting in late September. Finally, actual drive-thru voting began October 13, 2020. At virtually any point, but certainly by October 12, 2020, Plaintiffs could have filed this action. Instead, they waited until October 28, 2020 at 9:08 p.m. to file their complaint and did not file their actual motion for temporary relief until mid-day on October 30, 2020—the last day of early voting. The Court finds this delay is critical. It is especially important in this compact early voting timeframe, in a particularly tense election, where each day's voting tally functionally equated to many days or even weeks of early voting in different situations.

Therefore, this Court finds the Plaintiffs do not prevail on the first element.

With regard to the second element, "irreparable injury," this point is covered more thoroughly in the standing discussion, but suffice it to say, in response to the Court's question during oral argument, Plaintiff's counsel described their injuries as the concern for the voting law to be accurately enforced and voting to be legal. In response to the Court's questions, Plaintiffs' Counsel said their irreparable injury was that the election process was being compromised, and that it prevents there being uniformity in the manner of voting throughout Texas. While certainly valid concerns, those are not the kind of injuries that separate Plaintiffs from other concerned citizens. Plaintiffs have no evidence of individualized irreparable injuries.

20-20574.1432

The one element that the Court finds the Plaintiffs have prevailed on is the harm to the party defendant. The Court finds that there would be no harm to Harris County. The only suggested harm is that the County has spent millions of dollars to implement drive-thru voting. While these funds may have been better spent, their loss does not prevail over tens of thousands of potentially illegal votes. Further, if granted, the injunction would only require the Defendant to conduct elections as Harris County has conducted them in the past without drive-thru voting.

The last element must, like the first, take on extraordinary significance in this context. That element concerns the public interest. Plaintiffs argue, correctly, that the public has an interest in seeing that elections are carried out pursuant to the Election Code. This is no doubt true; however, this generalized interest is offset by two somewhat stronger factors. First, the drive-thru early voting as designed and implemented is, to this Court's reading, legal as described above. Second, there have been over 120,000 citizens who have legally voted utilizing this process. While Plaintiffs have complained about anecdotal reports of irregularities, the record reflects that the vast majority were legal voters, voting as instructed by their local voting officials and voting in an otherwise legal manner. The only claimed widespread illegality is the place of voting—a tent outside the polling place instead of inside the actual building. To disenfranchise over 120,000 voters who voted as instructed the day before the scheduled election does not serve the public interest.

Therefore, if the Court had found standing existed, it would have denied an injunction as to the drive-thru early voting.

The Court finds the issue as to Election Day to cut the opposite direction. On Election Day, as opposed to early voting, there is no legislative authorization for movable structures as polling places. The Election Code makes clear that, on Election Day, "[e]ach polling place shall be located inside a building." Tex. Elec. Code § 43.031(b). The term "building" is not defined in the Code.

7

Nevertheless, Black's Law Dictionary defines "building" as: "A structure with walls and a roof, esp. a permanent structure." Black's Law Dictionary (11th ed. 2019). The Court finds, after reviewing the record and arguments of counsel, that the tents used for drive-thru voting are not "buildings" within the meaning of the Election Code. Further, they are not inside, they are clearly outside. Accordingly, if the Plaintiffs had standing, the Court would have found that the continuation of drive-thru voting on Election Day violates the Texas Election Code.

It also finds that, unlike in early voting, the Plaintiffs prevail when one weighs the various elements that underlie the issuance of an injunction. First, as stated above, the Court does not find a tent to be a building. Therefore, under the Election Code it is not a legal voting location. Second, the Plaintiffs' request for injunctive relief is timely. While it could and should have been made earlier, it was made days before the election. The Court would have found that the Plaintiffs had a likelihood of success. The analysis of the second element remains the same. With regard to the loss that the Defendant might suffer, the Court finds this to be minimal. While it apparently spent millions in implementing the drive-thru voting system, it had over 120,000 voters use it—so it is money well-spent. The fact it would not be used on Election Day does not diminish its benefit. The analysis of the last element, public interest, swings in favor of the Plaintiffs. No one should want votes to be cast illegally or at an illegal polling place. No one has voted yet—so no one is being disenfranchised. Moreover, for those who are injured or worried that their health would be compromised should they be compelled to enter the building to vote, curbside voting is available under § 64.009 of the Texas Election Code.[3] Lastly, there are very few citizens who would want their vote to be in jeopardy, so it is incumbent on election officials to conduct voting in a proper location—not one which the Attorney General has already said was inappropriate. Consequently,

---

[3] This Court is quite cognizant of the Texas Supreme Court ruling (in a slightly different context) that fear of contracting COVID-19 does not establish an exception. *In re State*, 602 S.W.3d 549 (Tex. 2020).

20-20574.1434

this Court, had it found that standing existed, would have granted the injunction prospectively and enjoined drive-thru voting on Election Day and denied all other relief.

Nevertheless, since it found standing does not exist, this action is hereby dismissed.

Signed this 2nd day of November, 2020.

Andrew S. Hanen
United States District Judge

20-20574.1435

# Tab 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, | ) ) | |
| | ) | Civil Action |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CHRIS HOLLINS, in his official capacity as Harris County Clerk, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiffs STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH and SHARON HEMPHILL, seek emergency and permanent injunctive relief against Defendant CHRIS HOLLINS, in his official capacity as Harris County Clerk,  as follows:

## <u>NATURE OF THE ACTION</u>

1.      By indiscriminately encouraging and allowing any and all Harris County registered voters to cast their ballots via curbside drive-thru voting, Defendant is violating both federal and state law, and Plaintiffs will suffer irreparable injury if such ultra vires action is not stopped. By circumventing the Texas Legislature and implementing a manner of voting not recognized under the Texas Election Code, Defendant is violating Article I, section IV, clause 1 of the United States Constitution.  Additionally, by adopting a manner of voting that is inconsistent with the T33exas Election Code, and upon information and belief not adopted by any other county in Texas, Defendant is violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2.      Plaintiffs seek declaratory relief to prevent Defendant from continuing these violations.

**THE PARTIES**.

3.      Plaintiff Steven F. Hotze, MD, is a registered voter in Harris County and will be voting in the general election.

4.      Plaintiff Hon. Steve Toth is a member of the Texas House of Representatives, representing District 15. Representative Toth is on the November 3, 2020 ballot.

5.      Plaintiff Wendell Champion is .the Republican nominee for Texas' 18th Congressional District, Texas.  He is on the ballot in the general election on November 3, 2020.

6.      Plaintiff Sharon Hemphill is a registered voter in Harris County.  Sharon Hemphill is the Republican nominee for judge of the Texas 80th District Court, Harris County, Texas. She is on the ballot in the general election on November 3, 2020.  She advanced from the Republican primary on March 3, 2020.

7.      Defendant Hon. Chris Hollins is Harris County Clerk Harris County Clerk, and is sued here in his official capacity only.

**JURISDICTION**

8.      This Court has original jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws, or treaties of the United States.  Specifically, this case involves application of: 1) Article I, section IV, clause 1 of the United States Constitution, and 2) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

20-20574.19

## VENUE

9.     Venue is proper in this district under 28 U.S.C. § 1391(e) because Plaintiff Hotze resides here and Defendant works here.

## STANDING

10.     Defendant Hollins' non-compliance with the law is significantly harming the interests of Plaintiffs herein.  Plaintiffs, absent relief, will imminently suffer specific and substantial injuries in fact to a legally protected interest; such injuries are directly traceable to the defendant's challenged action herein; and a favorable judgment by this Court will likely redress such injuries.

11.     Plaintiff Hotze has standing because he is threatened with a violation of his right to vote.  Allowing an illegal voting scheme that invites corruption and fraud is tantamount to voter suppression because legal votes will be nullified by illegal votes.

12.     Plaintiff Champion is the Republican nominee for the 18th District, Harris County, Texas.  Hollins's illegal vote scheme results in votes being illegally cast in his race for the United States Congress.

13.     Plaintiff Hemphill is also on the November 3, 2020 general election ballot in Harris County, Texas.  Hollins's illegal vote scheme results in votes being illegally cast in her race for the 80th Judicial District Court.

14.     Representative Steve Toth is a member of the Texas Legislature and is also on the November 3, 2020 general election ballot.  As a member of the State Legislature, Hollins's is usurping his authority as a lawmaker by creating a voting scheme that was not adopted by the Texas Legislature.

20-20574.20

15.     "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).  This right "can neither be denied outright. . . nor destroyed by alteration of ballots. . . nor diluted by ballot-box stuffing." *Id*.  "The right to vote is 'individual and personal in nature,' and 'voters who allege facts showing disadvantage to themselves as individuals have standing to sue' to remedy that disadvantage." *Gill v. Whitford*, 138 S. Ct. 1916, 1920 (2018) (quoting *Reynolds*, 377 U.S. at 561 and *Baker v. Carr*, 369 U.S. 186, 206 (1962)).  Plaintiffs object to the casting and to the counting of any ineligible or illegal curbside voting as the consequence of permitting such activity hurts not only the integrity and the reported outcomes of the election for all of the candidates and all of the voters who voted, but it could also dilute or otherwise diminish and cancel Plaintiffs' casting of a legal vote for the candidates of their choice in the General Election.

## **FACTUAL BACKGROUND**

A.     **Defendant Hollins' Ministerial Duties Under the Texas Election Code –
the Applicable Authority Pursuant to U.S. Const. art. I, § 4, cl. 1**

16.     As the early voting clerk for Harris County, Defendant has the responsibility of enforcing the election laws to ensure a fair and honest election in Harris County.  One of the statutory election mandates for which Defendant Hollins is responsible deals with curbside voting.  This is a method of voting whereby a qualifying voter may vote from a vehicle in lieu of coming inside to vote at a polling location.  In order to take advantage of curbside voting, a registered voter must prepare and sign a sworn application.  The application is similar to the application for vote by mail, and a voter must affirmatively check specific boxes on the form in order to facially demonstrate to the Early Voting Clerk

4

(Defendant Hollins) compliance with the curbside voting statutes under the Texas Election Code.

17.     Under Texas Election Code Sections 64.009, curbside voting is restricted to distinct categories: (i) the voter is sick at the time of the vote; (ii) the voter has a physical condition requiring personal assistance (e.g., is physically handicapped); or (iii) voting inside the polling location would create a likelihood of injuring the voter's health.  Tex. Elec. Code §§ 64.009, 82.02 and 104.001-005.

18.     The pertinent statutes for curbside voting are as follows:

Section 64.009.  VOTER UNABLE TO ENTER POLLING PLACE.

(a)     If a voter is physically unable to enter the polling place without personal assistance or likelihood of injuring the voter's health, on the voter's request, an election officer shall deliver a ballot to the voter at the polling place entrance or curb.
(b)     The regular voting procedures may be modified by the election officer to the extent necessary to conduct voting under this section.
(c)     After the voter is accepted for voting, the voter shall mark the ballot and give it to the election officer who shall deposit it in the ballot box.
(d)     On the voter's request, a person accompanying the voter shall be permitted to select the voter's ballot and deposit the ballot in the ballot box.

Sec. 82.002.    DISABILITY.

(a)     A qualified voter is eligible for early voting by mail if the voter has a sickness or physical condition that prevents the voter from appearing at the polling place on election day without a likelihood of needing personal assistance or of injuring the voter's health.

TITLE 7.  EARLY VOTING
SUBTITLE B.  SPECIAL FORMS OF EARLY VOTING
CHAPTER 104.  VOTING ON ELECTION DAY BY DISABLED VOTER
FROM VOTING SYSTEM PRECINCT

Sec. 104.001.  ELIGIBILITY.

A qualified voter in whose precinct polling place voting is conducted by voting machine is eligible to vote by the early voting procedure provided by this chapter if the voter has a sickness or physical condition that prevents

20-20574.22

the voter from voting in the regular manner without personal assistance or likelihood of injuring the voter's health.

Sec. 104.002.  FORM AND CONTENTS OF APPLICATION.

An application for a ballot voted under this chapter must:
(1)      be in the form of an affidavit; and
(2)      include, in addition to the information required by the applicable provisions of Section 84.002, a statement that the applicant has not previously voted in the election.

Sec. 104.003.  TIME AND PLACE FOR VOTING.

Voting under this chapter shall be conducted on election day, beginning at 7 a.m. and concluding at 7 p.m., at the main early voting polling place. However, if the early voting ballots voted by mail are processed at a location other than the main early voting polling place, the early voting clerk may require the voting to be conducted at that location.

Sec. 104.004.  VOTING PROCEDURE.

(a) On submission of an application to the early voting clerk, the clerk shall review the application and verify the applicant's registration status in accordance with the procedure applicable to early voting by mail.
(b) The voting shall be conducted with the balloting materials for early voting by mail.
(c)The voter must mark and seal the ballot in the same manner as if voting by mail except that the certificate on the carrier envelope need not be completed.
(d) On sealing the carrier envelope, the voter must give it to the clerk, who shall note on the envelope that the ballot is voted under this chapter.
(e) If the voter is physically unable to enter the early voting polling place without personal assistance or a likelihood of injuring the voter's health, the clerk shall deliver the balloting materials to the voter at the polling place entrance or curb.

Sec. 104.005.  PROCESSING RESULTS.

The results of voting under this chapter shall be processed in accordance with the procedures applicable to processing early voting ballots voted by mail.

19.      Despite the fact that the Texas Election Code restricts curbside voting to specific and narrowly defined categories of voters, Defendant – using the COVID-19

6

pandemic as his pretext – is permitting any and all Harris County registered voters to vote curbside or drive-thru and vote in violation of the Texas Election Code, which is the applicable authority pursuant to U.S. Const. art. I, § 4, cl. 1.

**B.    Defendant Hollins Is Permitting Countywide Drive-Thru Voting in Direct Violation of the Texas Election Code**

20.    Defendant Hollins has implemented a countywide "drive-thru" voting program for every registered voter in Harris County.  A true and correct transcription of the pertinent excerpt from a press conference in which Defendant Hollins identifies the program is attached to this Complaint.  (Exhibit "A" at 5-6)  Beginning at the 4-minute mark, and continuing on to 4:33, Defendant Hollins says the following:

> "Drive-thru voting is an option for all voters who would like to be able to vote from the safety and comfort of your vehicle.  Drive-thru voting allows those who don't qualify to vote by mail to minimize your exposure to other voters and to election workers.  While we hope to have short lines across the county, drive-thru voters waiting in line will be able to wait in the comfort of your vehicle where you can listen to the radio or converse with loved ones until you are pointed to your drive-thru voting booth.  We hope that Harris County voters will consider utilizing drive-thru voting."

(Exhibit "A" at 5-6)   Hollins' position is that anyone and everyone may vote curbside/drive-thru in Harris County should they wish to do so.

21.    Because Defendant Hollins is allowing Harris County Registered voters to vote curbside (drive-thru) without regard to whether they are eligible to vote curbside, and because of the very clear threat of imminent harm which will result from ineligible curbside voting taking place in violation of the Texas Election Code and the United States Constitution, Plaintiffs bring this Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction and request for a Permanent Injunction to mandate compliance by the Defendant with his clear and non-discretionary ministerial

7

duties and to prevent further violations of the United States Constitution and the Texas Election Code.

C.     **Hollins Attempts to Redefine Polling Location**

22.     Under Defendant Hollins's drive-thru voting scheme, a car is turned into a polling location.  Specifically, to drive-thru vote, the voter never exits the vehicle.  (Exhibit "B")  Instead, the voters sit in their cars as the e-slate is hand delivered to the voters who then cast their votes within the confines of their vehicles.  It should be noted that many times these votes are cast by numerous people in one car, eliminating the confidentiality surrounding one's vote.  The garages, tents, canopies, and other "coverings" the car drives into are not the actual polling location – the polling place is the car.  The e-slate is physically placed in the car; the vote is cast in the car; and the voter remains in the car.  (Exhibit "B")    The voter never physically exits the car.  (Exhibit "B").  A car is not a polling place.  If a car is a polling place, Harris County now has millions of voting locations around the county that change locations throughout the day.    Attached, as Exhibit "B", are photos of voters utilizing drive-thru voting.

23.     The Texas Election Code mandates that a registered voter cast a ballot in a "voting station" at a "polling place." *See* TEX. ELEC. CODE §§ 64.001, .009(a). Qualified individuals may request their ballot curbside in a vehicle on election day and throughout the early voting period. *Id*. § 64.009(a). This exception applies only to those physically unable to enter the polling place without assistance or for whom a likelihood of injury exists. *Id*.; see also *In re State*, 602 S.W.3d 549, 550 (Tex. 2020) (a voter's general fear or lack of immunity from COVID-19 is not a "disability" as defined by the Election Code). Otherwise, voting is to take place in a "polling place." TEX. ELEC. CODE § 64.009(a).  A

person's vehicle cannot qualify as a "polling place," as it is not a structure as commonly understood. Nor can one's vehicle be considered a "voting station," which is a specific location designated for voters to cast a ballot. Hollins's actions could only be justifiable under the applicable law if one arrives at the absurd conclusion that every voter's vehicle is a "polling place" or "voting station."

**D.**    **Texas Attorney General Recently Addressed Drive-Thru Voting**

24.    On October 16, 2020, Attorney General Ken Paxton addressed the issue of "drive-thru" voting. (Exhibit "C") In the letter, General Paxton states, among other things, that the Texas Election Code "makes no provision for 'drive-thru' voting centers at which any voter may cast a ballot from his or her vehicle." (Exhibit "C")

**E.**    **Over 100,000 Illegal Drive-Thru Votes Have Been Cast**

25.    Harris County accounts for nearly 15 percent of all registered voters in Texas. To date, over 100,000 "drive-thru" votes have been cast. (Exhibit "B" and "D")

**COUNT I**
**(Under 42 U.S.C. § 1983 for Violation of U.S. Const. Art. I, Sec. IV, cl. 1)**

26.    Plaintiffs incorporate herein all of the foregoing allegations.

**Defendant Hollins is Violating the United States Constitution**

27.    Defendant Hollins's drive-thru voting scheme violates Article I, section IV, clause 1 of the United States Constitution in that Hollins redefines the manner of conducting elections in Harris County contrary to the Texas Election Code. Additionally, Hollins violates the Fourteenth Amendment's Equal Protection Clause by adopting a manner of voting in Harris County that has not been adopted by other Texas' counties.

**The Election Clause Requires this Court to Uphold the Manner of Voting Defined by the Legislature in the Texas Election Code**

9

28.     Art. I, section 4, cl. 1 of the United States Constitution (the Elections Clause) directs that "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof," subject to the directives of Congress. U.S. Const. art. I, § 4, cl. 1.

29.     Because federal offices "arise from the Constitution itself," any "state authority to regulate election to those offices . . . had to be delegated to, rather than reserved by, the States." *Cook v. Gralike*, 531 U.S. 510, 522 (2001). The Constitution effected such delegations to State Legislatures through the Electors and Elections Clauses. See U.S. Const. art. II, § 1, cl. 2; id. art. I, § 4, cl. 1. The Elections Clause vests State Legislatures, subject to Congress' enactments, with authority "to provide a complete code for congressional elections." *Smiley v. Holm*, 285 U.S. 355, 366 (1932); see also *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 826 (2015) (Roberts, C.J., dissenting) (noting that the Elections Clause "imposes a duty on States and assigns that duty to a particular state actor"). This "broad power to prescribe the procedural mechanisms for holding congressional elections," *Cook v. Granlike*, 531 U.S. 510, 523 (2001) (internal quotation marks omitted), includes authority to enact "the numerous requirements as to the procedure and safeguards which experience shows are necessary in order to enforce the fundamental right involved," *Smiley*, 285 U.S. at 366; *Cook*, 531 U.S. at 523–24; see also *Storer v. Brown*, 415 U.S. 724, 730 (1974) (stating that state legislatures may enact election laws in order to ensure that elections are "fair and honest" and that "some sort of order, rather than chaos, is to accompany the democratic process"). This sweeping grant of authority means that "the text of [state] election law itself, and not just its interpretation by the courts of the States, takes on independent significance," *Bush v.*

20-20574.27

*Gore*, 531 U.S. 98, 112–13 (2000) (Rehnquist, C.J., concurring), and the federal Constitution "operate[s] as a limitation upon the State in respect of any attempt to circumscribe the [delegated] legislative power," *Palm Beach Cnty*., 531 U.S. at 76; *McPherson*, 146 U.S. at 25.  The United States Supreme Court has made it clear that "[a] significant departure from the legislative scheme for electing U.S. Representatives— including when such departure is carried out by the state judiciary—thus presents a federal constitutional question." *Bush*, 531 U.S. at 113 (Rehnquist, C.J., concurring); see also *Palm Beach Cnty*., 531 U.S. at 76; *McPherson*, 146 U.S. at 25.

30.     Here, the Texas Legislature has created a detailed statutory scheme related to curb-side voting to govern the conduct of federal elections.   Defendant Hollins has significantly departed from the legislative scheme regarding curb-side voting.  By allowing Hollins to significantly alter the manner of voting that has not been prescribed by the Legislature, Hollins' drive-thru voting scheme violates the United States Constitution art. I, §4, cl. 1.   Plaintiffs request this Court to stop Hollins from essentially rewriting an integral part of the Texas Election Code's comprehensive scheme for regulating the manner for conducting federal elections.

### **Hollins's Actions are Violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

31.     The Fourteenth Amendment to the United States Constitution provides that "No State shall...deny to any person…, the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.   Harris County is the only Texas County that has adopted drive-thru voting.  By using different criteria for voting and allowing a new form of voting to occur in only in Harris County, Hollins is violating the Equal Protection Clause.  *Bush v. Gore*, 31 U.S. 98 (2000).   Hollins violates the equal protection clause in that Harris County,

11

unlike other counties, surrenders the safeguards associated with curb-side voting while other counties maintain the integrity of the ballot box by complying with the strict requirements imposed by the Texas Legislature in §§ 64.009, 82.02, and 104.001-104.005 of the Texas Election Code.

32.     The Supreme Court's per curiam majority opinion in *Bush v. Gore* eviscerated the distinction between nuts-and-bolts questions and big picture questions by holding that Florida law, at least as construed by the Florida Supreme Court, violated the Equal Protection Clause of the Fourteenth Amendment. 531 U.S. 98 (2000).  The Court held that a state violates equal protection when it fails to have uniform standards for the recounting of votes during a statewide election contest. *Id*. at 109. The opinion makes it clear that disparity regarding the means of voting is a justiciable question. Here, Hollins has implemented a form of voting that is unique to Harris County and differs from the remaining 253 counties in the state of Texas.

### Defendant Hollins Has a Ministerial Duty to Review Each Sworn Application in Order to Verify that the Applicant Has Supplied All of the Required Information to Permit Curbside Voting.

33.     Because Section 64.009 of the Texas Election Code permits curbside voting under limited circumstances during Early Voting, Defendant Hollins' duties as the Early Voting Clerk include the enforcement of curbside voting during Early Voting.  In order to enable an eligible voter to legally vote curbside, the registered voter must submit a sworn application for ballot similar to the application for a ballot by mail described in Section 84.001 (Eligible voter must make an application for an early voting ballot to be voted by mail).

12

20-20574.29

34.     The duty to review each application is not discretionary; it is mandatory.  *In re Robinson*, 175 S.W.3d 824, 830 (Tex. App. 2005) ("The use of the word shall in a statute is generally construed as creating a nondiscretionary duty.").   This duty includes the specific obligation to ensure that each sworn application satisfies the criteria set forth in the Texas Election Code to permit a specific voter to vote curbside during both Early Voting and Election Day voting.

### Defendant Hollins Has a Ministerial Duty to Reject an Application for Curbside Voting That does not Contain the Required Information to Permit Curbside Voting.

35.     Under Texas Election Code Sections 64.009, 82.02, and 104.001, curbside voting is restricted to three distinct categories: (i) a voter is presently sick at the time of the vote; (ii) a voter has a physical condition requiring personal assistance (e.g., is physically handicapped); or (iii) voting inside the polling location would create a likelihood of injuring the voter's health. Defendant Hollins, however, has announced his policy to permit *any registered Harris County voter* to cast their ballot via drive-thru voting.  This illegal policy, which is grounded on the dubious notion that a lack of immunity from COVID-19 justifies a wholesale repudiation of the Texas Election Code, *has already been expressly rejected by the Texas Supreme Court*.  *In re State of Texas*, 602 S.W.3d 549 (Tex. 2020). Rejecting Defendant Hollins' argument in that case that a voter's lack of immunity from the disease and concern about contracting it a polling place justifies a voter's choice to case a ballot by mail, the Supreme Court made clear that a generalized fear of contracting a virus would not, standing alone, be sufficient to trigger a statutory right to vote by mail.

36.     The Court's reasoning in *In re State of Texas*, 602 S.W.3d 549 (Tex. 2020), applies Defendant's allowing curbside voting for anyone who wants to vote curbside.  The

20-20574.30

"disability" language contained in Section 82.002(a) regarding ballots by mail tracks the same language as is contained in Sections 64, 82, and 104 regarding curbside voting. Under Texas Election Code Sections 64.009, 82.02, and 104.001, curbside voting is restricted to three distinct categories: (i) a voter is presently sick at the time of the vote; (ii) a voter has a physical condition requiring personal assistance (e.g., is physically handicapped); or (iii) voting inside the polling location would create a likelihood of injuring the voter's health. It is abundantly clear that Defendant Hollins may not, consistent with his ministerial duties to comply with the Texas Election Code, permit registered Harris County voters to engage in drive-thru voting who do not satisfy one or more of the statutorily prescribed exceptions to voting inside the polling place.

37.     The obligation to reject insufficient applications to vote curbside is not discretionary; it is mandatory.  *See In re Robinson*, 175 S.W.3d at 830.  The duty to challenge ineligible curbside voting is not discretionary; it is mandatory.  *Id*.  By failing to reject insufficient applications to vote curbside, Defendant Hollins is clearly violating the Texas Elections Code, and as such, Defendant is also violating Art. I, §4, cl. 1 of the United States Constitution (the Elections Clause).

**Defendant Hollins is Permitting Curbside Voting to Voters Not Entitled to Vote Curbside in Breach of His Ministerial Duties under the Texas Election Code.**

38.     Hollins is allowing curbside/drive-thru voting for all 2.37 million registered voters in Harris County.  This is a clear and direct violation of his duties to enforce the Texas Election Code and the United States Constitution.  Defendant Hollins has a non-discretionary, ministerial duty to limit curbside voting solely to those registered voters who submit facially valid sworn applications to vote curbside.  All other requests to vote

14

curbside must be denied.  "Failure to perform his duty subjects [Defendant Hollins] to mandamus." *Bejarano v. Hunter*, 899 S.W.2d 346, 350 (Tex. App. 1995). Absent an order compelling Defendant Hollins to comply with his ministerial duties under the Texas Election Code, ineligible applicants and/or facially invalid sworn applications will be approved.

### The Texas Legislature has Rejected "Drive-Thru" Voting

39.     Legislators have previously attempted to amend the Texas Election Code to allow a form of Defendant Hollins's "drive-thru" voting scheme. During the 2019 legislative session, legislation was proposed to allow polling places to accommodate parents with young children, HB 2898.  (Exhibit "E") Because Texas law required curbside voting for people with disabilities, HB 2898 left it up to local election officials to decide whether to offer curbside voting for parents with young children.  (Exhibit "E")  The bill also created a study to be performed by the Texas Secretary of State's office that would evaluate the best practices for curbside voting for people with children and report it to the legislature by December 2020.  (Exhibit "E") The Texas House approved the bill that supporters believed would increase voter turnout by allowing parents with children younger than five (5) years old to participate in curbside voting.  The argument is similar to that made by Defendant Hollins as a justification for his drive-thru voting scheme.  On May 8, 2019, the House gave the bill final approval in a 90-52 vote;  however, the Texas Senate did not pass the bill.

40.     Here, Hollins is asking this Court to implement a form of curbside/drive-thru voting that is much broader than one previously rejected by the Legislature.  Defendant Hollins's drive-thru voting scheme is unconstitutional under Art. I, §4, cl. 1 because it is

20-20574.32

violative of the very authority delegated by the U.S. Constitution for "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives" - namely "each State by the Legislature thereof." U.S. Const., Art. I, §4, cl. 1.

### Drive-Thru Voting Locations Placed in Democratic Strongholds

41.     Nine of the ten "drive-thru" voting locations in Harris County are placed in areas that vote heavily Democratic. (Exhibit "B") State Sen. Paul Bettencourt (R-Houston) recently noted nine of the 10 drive-thru voting locations are in Democrat areas of the county, adding that "nothing in the Texas election code allows Mr. Hollins to do this setup." Erin Anderson, *Texas AG: Legal Action for Unlawful Drive-Thru Voting*, Texas Scorecard, October 20, 2020.  In addition to violating the Texas Election Code and Art. I, §4, cl. 1 of the U.S. Constitution, such action also constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

42.     Plaintiffs seek relief under 42 U.S.C. § 1983.

43.     Plaintiffs request under Rule 65 of the Federal Rules of Civil Procedure, and request this  Court enter an Emergency Temporary Restraining Order or Preliminary Injunction enjoining Defendant from allowing drive-thru voting to continue and requiring Defendant to secure all  memory cards from the ten (10) drive-thru voting locations and not enter or download the memory cards from the ten (10) drive-thru locations into the Tally machine until this Court issues an order on this Complaint and Plaintiffs request for a permanent injunction.  Irreparable injury to Plaintiffs will result if such relief is not granted because if action is not taken to differentiate the votes that have been submitted in violation of federal and state law from the votes that have been cast legally, then such votes

20-20574.33

will be commingled and tabulated alongside all other votes.  Such a result will call into question the integrity and legality of a federal election.

44.    Plaintiffs' request the Court to issue a permanent injunction directed to Defendant Hollins and to the Harris County Clerk's Office: 1) prohibiting the implementation of a universal drive-thru voting scheme unless such scheme is specifically adopted by the Texas Legislature; and 2) ordering Defendant to comply with his ministerial duties under the Texas Election Code.

45.    Plaintiffs also seek an award of attorneys' fees under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiffs request that the Court:

1)    Grant a preliminary mandatory injunction to Defendant Hollins and the Harris County Clerk's Office requiring all memory cards from the ten (10) drive-thru voting locations be secured and not entered or downloaded into the Tally machine until this Court issues an order on this Complaint.

2)    Reject any votes it finds were cast in violation of the Texas Election Code.

3)    Order Defendant Hollins and the Harris County Clerk's Office to review all curbside voting applications submitted by a person requesting to vote curbside during either Early Voting or Election Day Voting in Harris County for facial compliance with Texas Election Code sections 64.009, 82.002, and 1104.001-104.005, as required by the Texas Election Code Sections 83.002 and 014.001;4.

4)    Reject all curbside voting applications submitted by any person requesting to vote curbside during either Early Voting or Election Day Voting in Harris County which

20-20574.34

lack facial compliance with Texas Election Code Sections 64.009, 82.002, and 104.001-
104.005, as required by the Texas Election Code Sections 83.002 and 104.001;5.

     5)     Grant a permanent injunction against Defendant Hollins and the Harris
County Clerk's Office prohibiting the implementation of a universal drive-thru voting
scheme unless such scheme is specifically adopted by the Texas Legislature.

     6)     Grant to Plaintiffs such other and further relief for which they are entitled
in the interests of justice.

Dated:  October 28, 2020

Respectfully submitted,

  /s/ Jared R. Woodfill
JARED R. WOODFILL
State Bar No. 00788715
Woodfill Law Firm, P.C.
3 Riverway, Suite 750
Houston, Texas 77056
P:(713) 751-3080
Fax: (713) 751-3058
woodfillservice@gmail.com
*Counsel for Plaintiffs*

20-20574.35

State of Texas          §
                        §
County of Travis        §

BEFORE ME, the undersigned personally appeared Jennifer Anne Hall who, swore the following:

    1.    My name is Jennifer Anne Hall. I am over 18 years of age, of sound mind, and competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

    2.    I am resident of Texas and Tarrant County.

    3.    I am the Organization Assistant for The Republican Party of Texas. .

    4.    We are committed to advancing limited government, lower taxes, less spending and individual liberty. Our specific goals are to grow the Republican Party by reaching new voters, advance the Platform, which is grounded in conservative principle, and to keep Texas prosperous and free. The Republican Party of Texas serves:

To promote a conservative philosophy of government:

By promoting conservative principles; and

By providing the infrastructure through which those who share our conservative principles can get involved in the political process, run for and be elected to public office, and govern according to our principles when elected.

5.      Chris Hollins currently serves as the County Clerk of Harris County,
Texas.  Under the Texas Election Code, Mr. Hollins serves as the Early Voting Clerk
for Harris County and is responsible for administering curbside voting in compliance
with Sections 64.009, 83.002 and 104.001-104.005 of the Texas Election Code, for
both Early Voting and Election Day Voting.  This Petition for Writ of Mandamus
names Mr. Hollins as the Respondent.

6.      On September 10, 2020, Chris Hollins held a press conference to
announce his office's implementation of a countywide "drive-thru" voting program
for every registered voter in Harris County.  The Texas Election Code does not use
the term "drive-thru" voting.  Rather, the term "curbside" voting is used instead. It
is clear, however, that Respondent Hollins is using these terms interchangeably.

7.      I have personally watched and listened to the press conference.  I can
personally swear that a true and correct transcription of what Respondent Hollins
said in a 33 second segment of that press conference appears verbatim below in
Paragraph 8.  Beginning at the 4-minute mark of his press conference, and continuing
on to 4:33, Respondent Hollins said the following:

8.      "Drive-thru voting is an option for all voters who would like to  be
able to vote from the safety and comfort of your vehicle.  Drive-thru  voting  allows
those who don't qualify to vote by mail to minimize your exposure to other voters
and to election workers. While we hope to have short lines across the county, drive-

5

thru voters waiting in line will be able to wait in the comfort of your vehicle where you can listen to the radio or converse with loved ones until you are pointed to your drive-thru voting booth.  We hope that Harris County voters will consider utilizing drive-thru voting."

9.     In addition to Respondent Hollins' press conference, he also released a video on YouTube, which is also posted on the Harris County Clerk's Office website, just this past Friday, October 9, 2020.  This video is entitled "Drive-Thru Voting in five steps." Nowhere in this demonstrative video of a voter voting curbside in his vehicle is there any discussion or caution or depiction about how a voter may determine his or her eligibility to vote curbside.  Nor is there any mention or depiction that a voter desiring to vote curbside must fill out a sworn application to vote curbside.  To the contrary, the clear impression of this video is that anyone and everyone may vote curbside in Harris County should they wish to do so.  Finally, the video depicts curbside voting taking place outside of a polling location and that polling location is not inside of a building.  Because Respondent Hollins is clearly requesting Harris County registered voters to vote curbside without regard to whether they are eligible to vote curbside, and because of the very clear threat of imminent harm which will result from ineligible curbside voting taking place in violation of the Texas Election Code, Relator RPT brings this Mandamus Petition to mandate compliance by the Respondent with his clear and non-discretionary ministerial duties.

6

SIGNED this 12th day of October 2020.

_Jennifer Hall_

SUBSCRIBED and SWORN TO before me, the undersigned authority, on the 12th

day of October, 2020.

_____

Notary in and for the State of Texas

JOANNA KITCHEN
Notary Public, State of Texas
Comm. Expires 09-14-2021
Notary ID 131279169

7

20-20574.39







20-20574.42









20-20574.45





## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 16, 2020

Dear Texas Elections Officials:

Some political subdivisions throughout Texas have expanded their use of "curbside" voting this election season to offer expansive "drive-thru" voting to all registered voters. This letter serves as a notice and reminder that the Election Code provides curbside voting as an option only to those who meet a certain, narrow set of criteria. Curbside voting is not, as some have asserted contrary to Texas law, an option for any and all voters who simply wish to vote from the comfort of their cars when they are physically able to enter the polling place.

The Texas Election Code provides that "[e]ach polling place shall be located inside a building." Tex. Elec. Code § 43.031(b). The Code makes no provision for polling places located outdoors, in parking lots, or in parking structures. More specifically, the Code makes no provision for "drive-thru" voting centers at which any voter may cast a ballot from his or her vehicle regardless of physical condition.

The Code does, however, provide a limited allowance for "curbside" voting for those who face certain barriers to entering established polling places. Specifically, an election official may provide a ballot to a registered voter "at the polling place entrance or curb" only if the voter is "physically unable to enter the polling place without personal assistance or likelihood of injuring the voter's health." Tex. Elec. Code § 64.009(a). But if a voter can enter the polling place on his or her own without a likelihood of injury, then it is unlawful for an election official to allow that voter to cast a ballot outside the polling place.

While election officials should not ordinarily question a voter's good-faith representation that the voter is physically unable to enter a polling place, officials should not actively encourage voters to engage in unauthorized curbside voting when they fail to meet the requisite legal criteria. Fear of COVID-19 does not render a voter physically unable to cast a ballot inside a polling place without assistance. Accordingly, election officials should not advise voters that such fear qualifies them to cast a curbside ballot.

20-20574.47

Elections must be held in compliance with these Election Code provisions. Encouraging or facilitating election operations that violate these rules is unlawful and could result in legal liability for political subdivisions and their officials. My office is committed to enforcing our State's laws to ensure safe, free, and fair elections.

Sincerely,

Ken Paxton
Attorney General of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/ Andrew L. Schlafly</u>

Attorney for Appellants